UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| **Paige Elizabeth Burrows,** | ) | |
| | ) | |
| | ) | C.A. No.: _____ |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **[JURY TRIAL DEMANDED]** |
| | ) | |
| **Kyle Clyde Ryan and** | ) | |
| **Anthony James Ryan Jr.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

The Plaintiff, Paige Elizabeth Burrows, complaining of the Defendants herein, does respectfully allege as follows:

## PARTIES

1. The Plaintiff, Paige Elizabeth Burrows, (hereinafter "Plaintiff") is a resident and citizen of Oconee County, South Carolina.

2. Plaintiff is informed and believes that the Defendant Kyle Clyde Ryan is a resident and citizen of Montgomery County, Maryland.

3. Plaintiff is informed and believes that the Defendant Anthony James Ryan Jr. is a resident and citizen of Montgomery County, Maryland.

4. Plaintiff is informed and believes that the Defendant Kyle Clyde Ryan is the son of Defendant Anthony James Ryan Jr.

5. At all times material to the allegations herein, Defendant Anthony James Ryan Jr. was the owner of a 2011 Dodge vehicle which was involved in a car accident on February 25, 2015.

1

6. Upon information and belief, Defendant Anthony James Ryan Jr. provided the 2011 Dodge to Defendant Kyle Clyde Ryan for family purposes and maintained the 2011 Dodge driven by Defendant Kyle Clyde Ryan for the general use of the family.

7. At all times material to the allegations herein, Defendant Kyle Clyde Ryan was operating Defendant Anthony James Ryan Jr.'s 2011 Dodge on February 25, 2015, with the consent and permission of Defendant Anthony James Ryan Jr.

8. The events giving rise to the cause of action herein occurred in Oconee County, South Carolina.

## JURISDICTION AND VENUE

9. Because the Plaintiff is a resident and citizen of South Carolina, and Defendants are residents and citizens of Maryland, jurisdiction is proper with this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. Venue is proper in this judicial district and the Anderson Division pursuant to Local Rule 3.01 DSC because the events giving rise to this action occurred in this District, the Anderson Division.

11. Plaintiff has suffered damages which exceed $75,000.00, exclusive of interest and costs.

## FACTS

12. On Wednesday, February 25, 2015, at around 6:50pm, Plaintiff was the driver in a vehicle traveling east, in the eastbound lanes of US 76, in Oconee County, South Carolina.

13. At such time and place, Plaintiff is informed and believes that Defendant Kyle Clyde Ryan was driving Defendant Anthony James Ryan Jr.'s vehicle west on US 76 for the family purposes mentioned above.

14.     At such time and place, Defendant Kyle Clyde Ryan, suddenly and without warning, failed to yield the right of way, and turned left into the path of Plaintiff's vehicle causing a collision. As a result of Defendant Kyle Clyde Ryan's actions, Plaintiff was severely injured.

15.     As a direct and proximate result of the events described above, Plaintiff sustained serious physical injuries to her person including closed head injuries, injuries to her neck and back, injuries to her right shoulder and arm, right leg injuries, and left hand injuries. These injuries have resulted in and will likely continue to result in, among other things, medical treatment and bills, future medical treatment, life care costs and expenses, property damages, lost wages, disability, pain and suffering, mental and emotional distress and anguish, and impairment of enjoyment of life.

## FOR A FIRST CAUSE OF ACTION

### (Negligence and Recklessness)

16.     Plaintiff realleges and reiterates the allegations contained in paragraphs one (1) through fifteen (15) as if fully repeated herein verbatim and would further allege:

## ALLEGATIONS AS TO KYLE CLYDE RYAN

17.     Plaintiff alleges that at the time and placed described above, the Defendant Kyle Clyde Ryan while driving Defendant Anthony James Ryan Jr.'s vehicle, was negligent, wanton, willful, reckless, careless, and grossly negligent, in one or more of the following respects:

   a.     In failing to maintain a proper lookout;

   b.     In failing to yield the right-of-way;

   c.     In failing to properly apply his brakes to avoid a collision;

   d.     In failing to maintain control of the vehicle;

   e.     In failing to observe the road and traffic conditions;

      f.      In failing to exercise the due care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

      g.      In violating state laws enacted to protect the safety and health of the motoring public, so as to constitute negligence *per se*; and

      h.      In such other particulars as may be ascertained through discovery and procedures undertaken pursuant to the Federal Rules of Civil Procedure.

18. Plaintiff is informed and believes that as a direct and proximate result of the negligence, recklessness, willfulness, wantonness, and gross negligence of Defendant Kyle Clyde Ryan, as aforesaid, Plaintiff sustained serious physical injuries to her person including closed head injuries, injuries to her neck and back, injuries to her right shoulder and arm, right leg injuries, and left hand injuries. These injuries have resulted in and will likely continue to result in, among other things, medical treatment and bills, future medical treatment, life care costs and expenses, property damages, lost wages, disability, pain and suffering, mental and emotional distress and anguish, and impairment of enjoyment of life by virtue of which Plaintiff is entitled to an award of actual and punitive damages in an amount to be ascertained by the jury at the trial of this action.

## FOR A SECOND CAUSE OF ACTION

### (Negligent Entrustment)

19. Plaintiff realleges and reiterates the allegations contained in paragraphs one (1) through eighteen (18) as if fully repeated herein verbatim.

20. Plaintiff brings this action to recover for any and all injuries caused by Negligent Entrustment of Defendant Anthony James Ryan Jr.'s 2011 Dodge vehicle to Defendant Kyle Clyde Ryan by Defendant Anthony James Ryan Jr.

21. The injuries and damages to Plaintiff were the direct and proximate result of the negligent, wanton, willful, reckless, careless, and grossly negligent acts and/or omissions of Defendant Anthony James Ryan Jr. in one or more of the following respects:

    a. In failing to ascertain whether Defendant Kyle Clyde Ryan was physically and mentally capable of operating a motor vehicle before giving Defendant Kyle Clyde Ryan access to Defendant Anthony James Ryan Jr.'s vehicle; and

    b. In other such particulars as the evidence may show.

22. Plaintiff is informed and believes that as a direct and proximate result of the negligence, recklessness, willfulness, wantonness, and gross negligence of Defendant Anthony James Ryan Jr., as aforesaid, Plaintiff sustained serious physical injuries to her person including closed head injuries, injuries to her neck and back, injuries to her right shoulder and arm, right leg injuries, and left hand injuries. These injuries have resulted in and will likely continue to result in, among other things, medical treatment and bills, future medical treatment, life care costs and expenses, property damages, lost wages, disability, pain and suffering, mental and emotional distress and anguish, and impairment of enjoyment of life by virtue of which Plaintiff is entitled to an award of actual and punitive damages in an amount to be ascertained by the jury at the trial of this action.

23. As a direct and proximate result of the negligence, willfulness, wantonness, recklessness, carelessness, and gross negligence of all Defendants as set forth in the causes of action, Plaintiff sustained serious physical injuries to her person including closed head injuries, injuries to her neck and back, injuries to her right shoulder and arm, right leg injuries, and left hand injuries. These injuries have resulted in and will likely continue to result in, among other things,

medical treatment and bills, future medical treatment, life care costs and expenses, property damages, lost wages, disability, pain and suffering, mental and emotional distress and anguish, and impairment of enjoyment of life by virtue of which Plaintiff is entitled to an award of actual and punitive damages in an amount to be ascertained by the jury at the trial of this action.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for actual and punitive damages in an amount to be determined by the jury at the trial of this action, for the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper.

                                            KOON COOK & WALTERS, LLC

By:    s/Jamie L. Walters
        Jamie L. Walters, Fed ID # 10415
        Stephen H. Cook, Fed ID # 286
        2016 Gadsden Street
        Columbia, South Carolina 29201
        Phone: (803) 256-4082
        jwalters@KCW-Law.com
        scook@KCW-Law.com

                ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina
February 5, 2018