IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Paige Elizabeth Burrows, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:18-314-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Kyle Clyde Ryan, and | ) | |
| Anthony James Ryan, Jr., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Kyle Clyde Ryan ("Kyle Ryan") and Anthony James Ryan, Jr.'s ("Tony Ryan") motion to dismiss pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure. After review, the court grants the Defendants' motion to dismiss for lack of subject-matter jurisdiction.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On Febraury 25, 2015, Plaintiff Paige Elizabeth Burrows ("Burrows") and Defendant Kyle Ryan were involved in an automobile collision in Oconee County, South Carolina. (Compl. ¶¶ 12-14, ECF No. 1.) Burrows alleges that Kyle Ryan failed to yield the right of way, and turned left into the path of Burrows' vehicle causing the collision. (Id. ¶ 14, ECF No. 1.) Burrows alleges that the vehicle driven by Kyle Ryan was owned by Tony Ryan, his father. (Id. ¶ 5, ECF No. 1.) Burrows filed the instant action on February 5, 2018, alleging a negligence claim against Kyle Ryan and a negligent entrustment claim against Tony Ryan. (Id. ¶¶ 16-23, ECF No. 1.) Burrows alleges that the court may exercise diversity jurisdiction because she is a citizen of South Carolina and the Defendants are both citizens of Maryland. (Id. ¶ 9, ECF

1

No. 1.) Kyle Ryan claims that he is a citizen of South Carolina, and therefore, there is a lack of diversity. (Def. Mem. Supp. Mot. Dismiss, generally, ECF No. 5-1.)

On March 15, 2018, Kyle and Tony Ryan filed a motion to dismiss for lack of subject-matter jurisdiction. (Def. Mot. Dismiss, ECF No. 5.) Burrows filed a response in opposition on April 13, 2018. (Pl. Resp. Opp'n Mot. Dismiss, ECF No. 11.) Kyle and Tony Ryan filed a reply on April 20, 2018. (Def. Reply, ECF No. 12.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Rule 12(b)(1) Standard

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a cause of action based on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Challenges to jurisdiction under Rule 12(b)(1) can be raised in two different ways: facial attacks and factual attacks. Thigpen v. United States, 800 F.2d 393, 401 n.15 (4th Cir. 1986) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)), disagreed with on other grounds, Sheridan v. United States, 487 U.S. 392 (1988). A facial attack questions the sufficiency of the complaint. Id. In this context, the court must accept the allegations in the complaint "as true, and materials outside the pleadings are not considered." Id. Alternatively, a factual attack challenges the factual allegations in the complaint upon which subject-matter jurisdiction is based. Id. In this situation, the court is required to consider evidence outside the pleadings as well, without converting the motion to a motion for summary judgment. Id.; Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R.R.

Co., 945 F.2d at 768.  Thus, a dismissal should only be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

### B. Diversity Jurisdiction

Burrows argues that the court may exercise diversity jurisdiction because she is a citizen of South Carolina and Defendants are both citizens of Maryland.  (Compl. ¶ 9, ECF No. 1.) However, Defendants argue that diversity jurisdiction does not exist because Kyle Ryan is a citizen of South Carolina.  (Def. Mem. Supp. Mot. Dismiss 1, ECF No. 5-1.)  "Article III courts are courts of limited jurisdiction, possessing only the authority granted by the Constitution and Congress."  Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 194 (4th Cir. 2017).  Under 28 U.S.C. § 1332(a), the exercise of diversity jurisdiction requires that all plaintiffs be citizens of different states than any defendant and the amount in controversy exceed $75,000.00, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

"A person is a citizen of a state only if [he] is a citizen of the United States and a domiciliary of that state."  Scott, 865 F.3d at 195.  A person's domicile is determined by presence in a state with intent to remain.  See id.  "Ordinarily an individual's citizenship will be determined by his place of residence."  Sligh v. Doe, 596 F.2d 1169, 1171 n.5 (4th Cir. 1979). "Citizenship, like the other ingredients or elements of diversity jurisdiction (such as the amount in controversy, residence of the parties, principal place of business of a corporation), presents a preliminary question of fact to be determined by the trial court." Id. at 1171 (footnotes omitted).

> When citizenship is questioned, a court must make an individualized inquiry relying on certain factors such as voter registration; current residence; the location of real and personal property; location of bank and brokerage accounts; membership in clubs, churches, or other associations; place of employment or business; driver's license and automobile registration; and the state to which a person pays taxes.

Scott, 865 F.3d at 195.

Defendants argue that Kyle Ryan has been a citizen of South Carolina since February 2017. (Def. Mem. Supp. Mot. Dismiss 2, ECF No. 5-1.) Kyle Ryan was an out-of-state student at Clemson University from August 2012 to December 2016. (Pl. Resp. Opp'n Mot. Dismiss Ex. 1 (Kyle Ryan Dep. 25-26), ECF No. 11-1.) In February 2017, Kyle Ryan was employed in the Greenville, South Carolina area and has continuously lived in South Carolina since that time. (Id. Ex. 1 (Kyle Ryan Aff. ¶¶ 3-4), ECF No. 5-1.) In addition, Kyle Ryan signed a 1-year lease in July 2017 for his current apartment and affirms that he has no interest in leaving the state. (Id. Ex. 1 (Kyle Ryan Aff. ¶¶ 3-5), ECF No. 5-2.)

Burrows argues that Kyle Ryan is still a citizen of Maryland. (Pl. Resp. Opp'n Mot. Dismiss, generally, ECF No. 11.) Specifically, Burrows contends that Kyle Ryan's Maryland phone number, Maryland driver's license, Maryland voter registration, W-4 tax form indicating he is a Maryland resident, operation of a motor vehicle registered and insured in Maryland, use of his father's streaming services, and Facebook profile support that Kyle Ryan is still a Maryland resident. (Id. at 2-3, ECF No. 11.) However, Defendants claim that maintaining a cell phone number despite living in a different area code is insignificant. See Meredith Dost & Kyley McGeeney, Moving Without Changing Your Cellphone Number: A Predicament for Pollsters, PEW RESEARCH CTR. (Aug. 1, 2016), http://www.pewresearch.org/2016/08/01/moving-without-changing-your-cellphone-number-a-predicament-for-pollsters/ (finding ten percent of United States adults have a cellphone number from another state). Further, Defendants argue that his Facebook account lists his residence as Maryland because he has not updated his account since April 3, 2016. (Pl. Resp. Opp'n Mot. Dismiss Ex. 1 (Kyle Ryan Dep.

Ex. 1 (Facebook Profile)), ECF No. 11-1.)  In addition, Defendants provide that Kyle Ryan last registered to vote in 2012, and has not voted since 2014.  (Def. Reply Ex. 1 (Kyle Ryan Dep. 17-18), ECF No. 12-1 & Ex. 2 (Voter Registration), ECF No. 12-2.)  Moreover, Defendants have attached Kyle Ryan's tax filings to demonstrate that he lists himself as a South Carolina resident, provides his South Carolina address, and has amended his taxes to properly pay taxes in South Carolina, rather than Maryland.  (Id. Ex. 4 (Tax Filings), ECF No. 12-4.)  Based on the foregoing, the court finds that Kyle Ryan was a domiciliary of South Carolina at the time Burrows filed the instant suit.  Accordingly, diversity jurisdiction is not present because Burrows and Kyle Ryan were both citizens of South Carolina at the time Burrows filed the instant suit.  Therefore, this case is dismissed for lack of subject-matter jurisdiction.

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 5, is granted.

**IT IS SO ORDERED.**

                                                      s/Henry M. Herlong, Jr.
                                                      Senior United States District Judge

Greenville, South Carolina
April 23, 2018