UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Paige Elizabeth Burrows, ) | |
| ) | C.A. No.: 8:18-cv-00314-HMH |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **PLAINTIFF'S MOTION TO RECONSIDER** |
| ) | |
| Kyle Clyde Ryan and ) | |
| Anthony James Ryan Jr., ) | |
| ) | |
| <u>        **Defendants**        </u> ) | |

Notice is hereby given that Plaintiff hereby moves this Honorable Court to reconsider its Opinion and Order (Opinion, generally, ECF No. 13) and Judgment (Judgement, ECF No. 14) which were filed on April 23, 2018.

Dismissal was granted based upon a lack of subject matter jurisdiction. (Opinion). The inclusion of Defendant Kyle Clyde Ryan in this matter prevented the establishment of complete diversity. *Id.* The Plaintiff requested in her Response to Defendant's motion that if the court found Defendant Kyle Clyde Ryan to be a South Carolina citizen that he be dismissed as a party and that the matter continue between the diverse parties. (Response, generally, ECF No. 11). The court found that Defendant Kyle Clyde Ryan was not a diverse party and dismissed the entirety of the action. (Opinion).

"It has long been settled that a basis for diversity jurisdiction not present at the time of commencement of an action may be supplied by later voluntary acts of a plaintiff, though not of a defendant." *Hager v. Gibson,* 108 F.3d 35 *at 41* (C.A.4 (Va.), 1997 citing *Powers v. Chesapeake & Ohio Ry. Co.,* 169 U.S. 92, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898); *Higgins v. E.I. DuPont de Nemours & Co.,* 863 F.2d 1162, 1166 (4th Cir.1988); see generally *14A Charles Alan Wright et al., Fed. Prac. & Proc.* § 3732, at 519-23 (2d ed. 1985).

This court did not address Plaintiff's voluntary agreement to dismiss Defendant Kyle Clyde Ryan if he was found to be a South Carolina citizen. (Opinion). The Plaintiff wishes to file a Voluntary Dismissal in accordance with Rule 41(a)(1). (Motion, ECF No. 15, Attachment No. 1) As a result of Plaintiff's voluntary acts, Defendant Kyle Clyde Ryan should no longer be considered a party to this action and diversity is not defeated by his citizenship.

The statute of limitations has expired in this matter and the Plaintiff is not able to refile this action in federal court against the diverse Defendant. Plaintiff filed an action in state court against these Defendants. The Defendants have filed for summary judgment based upon the expiration of the statute of limitations.

Plaintiff requests that this Honorable Court reconsider the dismissal of this action in its entirety. Plaintiff requests that Defendant Kyle Clyde Ryan be dismissed without prejudice from this matter and that Plaintiff's action against Defendant Anthony James Ryan, Jr. be allowed to continue. Alternatively, Plaintiff requests leave of the court to amend her complaint in this matter.

KOON COOK & WALTERS, LLC

By:     s/Jamie L. Walters
Jamie L. Walters, Fed ID # 10415
Stephen H. Cook, Fed ID # 286
2016 Gadsden Street
Columbia, South Carolina 29201
Phone: (803) 256-4082
jwalters@KCW-Law.com
scook@KCW-Law.com

ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina
May 18, 2018