IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Paige Elizabeth Burrows, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:18-314-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Kyle Clyde Ryan, and | ) | |
| Anthony James Ryan, Jr., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Paige Elizabeth Burrows' ("Burrows") motion pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure requesting that the court reconsider its April 23, 2018 Order dismissing the case for lack of subject-matter jurisdiction. (April 23, 2018 Order, ECF No. 13.) After consideration, the court grants Burrows' motion.

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted)

Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to

1

vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Id. at 102.

Burrows argues that the court erred in failing to address her request to voluntarily dismiss Kyle Clyde Ryan ("Kyle Ryan") if he was found to be a South Carolina citizen and further attaches to this motion a notice of dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Mot. Reconsider, ECF No. 15, Ex. 1 (Not. Dismissal), ECF No. 15-1.) After thorough review of the record in this case, the court finds that reconsideration is appropriate. Rule 41(a)(1)(i) allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i). Although inartfully stated, the court construes the last sentence in Burrows' response in opposition to Defendants' motion to dismiss as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(i).

Burrows requested to voluntarily dismiss Kyle Ryan as a party pursuant to Rule 41(a)(1)(i) if the court determined that diversity jurisdiction was lacking. (Resp. Opp'n Mot. Dismiss 5, ECF No. 11.) The Plaintiff's notice of voluntary dismissal is voluntary. "The contingent nature of the plaintiff['s] request simply does not distinguish its voluntariness from, for example, a non-contingent request for a dismissal under Rule 41 of the Federal Rules of Civil Procedure." Dearth v. Mukasey, 516 F.3d 413, 415 (6th Cir. 2008) (finding appeal improper because dismissal was voluntary despite the contingent nature of plaintiff's request for

voluntary dismissal). However, the Plaintiff cannot voluntarily dismiss a party after judgment has been entered.

> [Rule 41] is based on the consideration that when a voluntary dismissal is without prejudice the plaintiff is placed 'in a legal position as if he had never brought the first suit' and has the right to bring a later suit on the same cause of action without adjudication of the merits.

Id. (quoting LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976)); see also Kelly v. Great Atl. & Pac. Tea Co., 86 F.2d 296, 297 (4th Cir. 1936). Therefore, in order to give effect to the Plaintiff's notice of voluntary dismissal, the April 23, 2018 Order is deemed moot and the court vacates its April 23, 2018 judgment. Further, Kyle Ryan is dismissed without prejudice as a party in this case.[1] Based on the foregoing, Burrows' motion is granted.

It is therefore

**ORDERED** that the court's April 23, 2018 judgment, docket number 14, is vacated. It is further

**ORDERED** that Burrows' motion for reconsideration, docket number 15, is granted as set out. It is further

**ORDERED** that Defendant Kyle Ryan is dismissed from this action without prejudice.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 18, 2018

---

[1] Defendants have not served an answer or moved for summary judgment.