IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Paige Elizabeth Burrows, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:18-314-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Anthony James Ryan, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' joint motion to stay the instant action.

After review, the court denies the parties' joint motion and dismisses this action without

prejudice pursuant to the doctrine of Colorado River[1] abstention.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2015, Plaintiff Paige Elizabeth Burrows ("Burrows") and Kyle Ryan[2]

were involved in an automobile collision in Oconee County, South Carolina.  (Compl. ¶¶ 12-14,

ECF No. 1.)  Burrows alleges that the vehicle driven by Kyle Ryan was owned by Defendant

Anthony Ryan, Jr. ("Tony Ryan"), his father.  (Id. ¶ 5, ECF No. 1.)

Burrows filed the instant action on February 5, 2018, alleging negligence and

recklessness claims against Kyle Ryan and a negligent entrustment claim against Tony Ryan.

(Id. ¶¶ 16-23, ECF No. 1.)  On March 15, 2018, Kyle and Tony Ryan filed a motion to dismiss

for lack of subject matter jurisdiction.  (Mot. Dismiss, ECF No. 5.)  On April 23, 2018, the court

---

[1]  Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

[2]  Kyle Ryan was originally named as a defendant in this action, but was dismissed as a
nondiverse party on June 18, 2018.  (June 18, 2018 Order, ECF No. 17.)

granted the motion, dismissing Kyle Ryan as a nondiverse defendant. (April 23, 2018 Order, ECF No. 13.) On May 18, 2018, Burrows filed a motion for reconsideration, as well as a voluntary dismissal of Kyle Ryan pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Mot. Recons., ECF No. 15; Vol. Dismissal, ECF No. 15-1.) The court granted Burrow's motion, vacated the April 23, 2018 order, and dismissed Kyle Ryan from this action without prejudice in an order dated June 18, 2018. (June 18, 2018 Order, ECF No. 17.)

On March 28, 2018, Burrows filed an action in South Carolina state court ("state action") in Oconee County, South Carolina against Kyle Ryan regarding the same car accident at issue in the instant action. (Mot. Stay 1, ECF No. 36.) On April 25, 2018, following this court's April 23, 2018 order granting Kyle and Tony Ryan's motion to dismiss, Burrows filed an amended complaint in the state action, which added Tony Ryan as a defendant. (Id. 1-2, ECF No. 36.) In the state action, Burrows alleges the same negligent entrustment claim against Tony Ryan as is raised in the instant action. Burrows v. Ryan, C.A. No. 2018-CP-37-00209 (Am. Summons & Compl.).[3] On March 1, 2019, Burrows and Tony Ryan filed a joint motion to stay this action during the pendency of the state action. (Mot. Stay, ECF No. 36.) This matter is now ripe for consideration.

---

[3] See Oconee County Tenth Judicial Circuit Public Index, *available at* https://publicindex.sccourts.org/oconee/publicindex/ (last accessed March 6, 2019). The court may take judicial notice of the records from the state court action. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (taking judicial notice of records in state court proceeding and citing with approval St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979), which held that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

## II. DISCUSSION OF THE LAW

The parties submit that the court should stay the instant action during the pendency of the state action based on the interests of the parties and principles of judicial economy. (Id., generally, ECF No. 36.) However, the court finds that the Colorado River abstention doctrine is applicable. See Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976) ("[I]t would appear that abstention may be raised by the court Sua sponte."); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 278, 284 (4th Cir. 2008) (affirming district court's sua sponte application of abstention principles).

The Colorado River abstention doctrine delineates when a federal court may abstain from hearing a case in deference to ongoing state proceedings. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co., 460 U.S. 1, 13 (1983). "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colo. River, 424 U.S. at 817 (internal quotation marks omitted).

However, abstention is only appropriate in certain limited circumstances. "*Colorado River*, solely as a matter of judicial administration, permits dismissal of a *duplicative* federal action when '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir. 2005) (quoting Colo. River, 424 U.S. at 817). Before a court may abstain, it must first determine whether parallel state and federal proceedings exist. Id. "Suits are parallel if substantially the same parties litigate substantially

the same issues in different forums." Id. at 464 (quoting New Beckley Min. Corp. v. Int'l

Union, United Mine Workers of Am., 946 F.2d 1072, 1073 (4th Cir. 1991)).

If parallel state and federal proceedings exist, a district court may abstain under the

Colorado River doctrine if exceptional circumstances exist. Id. at 463. In determining this

issue, a court must weigh several factors, "with the balance heavily weighted in favor of the

exercise of jurisdiction." Id. (quoting Moses H.Cone, 460 U.S. at 16). These factors include:

> (1) whether the subject matter of the litigation involves property where the first
> court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the
> federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal
> litigation; (4) the relevant order in which the courts obtained jurisdiction and the
> progress achieved in each action; (5) whether state law or federal law provides
> the rule of decision on the merits; and (6) the adequacy of the state proceeding to
> protect the parties' rights.

Id. at 463-64. "No one factor is necessarily determinative; a carefully considered judgment

taking into account both the obligation to exercise jurisdiction and the combination of factors

counseling against that exercise is required." Colo. River, 424 U.S. at 818-19.

Here, the state action unquestionably parallels the action pending in this court. Burrows

is the plaintiff in both actions, Tony Ryan is a defendant in both actions, and Kyle Ryan is a

defendant in the state action. As noted in the joint motion to stay, the factual allegations are

identical, and the same cause of action is alleged against Tony Ryan in both cases. (Mot. Stay 2,

ECF No. 36.) In fact, the amended complaint in the state action is almost identical to the

complaint filed in this action. Moreover, it appears that the state action was filed in order to

preserve Burrows' causes of action against Kyle and Tony Ryan due to statute of limitations

concerns, which the state court appears to have resolved in favor of Burrows. See (Mot. Recons.

2, ECF No. 15); Burrows v. Ryan, C.A. No. 2018-CP-37-00209 (June 7, 2018 Order) (denying

4

Defendants' motions for summary judgment based on the expiration of the statute of limitations).[4]

Further, exceptional circumstances exist that justify abstention.  The first and second factors do not weigh into the analysis because neither court has assumed jurisdiction over any property and both the state and federal forums are located in South Carolina.  The third factor, avoidance of piecemeal litigation, weighs heavily in favor of abstention.  Burrows is only litigating one negligent entrustment claim against Tony Ryan in the instant action.  In the state action, Burrows is litigating the same negligent entrustment claim against Tony Ryan, as well as recklessness and negligence claims against Kyle Ryan.  Under the Colorado River doctrine, conservation of scarce judicial resources favors litigation of the most comprehensive action.  See Sto Corp. v. Lancaster Homes, Inc., No. 00-1475, 2001 WL 431504, at *5 (4th Cir. Apr. 27, 2001) (unpublished) (per curiam) ("A federal court abstaining on *Colorado River* grounds should dismiss the case if 'the determinative issues will unfailingly be resolved within the parameters of the state-court litigation . . . as no further action by the district court is anticipated.'" (quoting Cox v. Planning Dist. I Cmty. Mental Health & Mental Retardation Servs. Bd., 669 F.2d 940, 943 (4th Cir. 1982))); Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc., 48 F.3d 294, 297-98 (8th Cir. 1995).  The state action will result in an inquiry beyond what is litigated in this court and will be duplicative of the federal proceeding.  Further, the entire controversy can be litigated in state court, thereby avoiding a partial adjudication by this court.  Additionally, when the state action is resolved, there will be no further action

---

[4] See Oconee County Tenth Judicial Circuit Public Index, *available at* https://publicindex.sccourts.org/oconee/publicindex/ (last accessed March 6, 2019).

required by this court, which will be bound by res judicata.  Gannett Co., Inc. v. Clark Constr. Grp., Inc., 286 F.3d 737, 746 (4th Cir. 2002) (noting that when there are concurrent federal and state actions based on the same claims, "res judicata effect will be given to whichever judgment is rendered first").

Both cases have progressed at similar paces and are in the discovery phase.  However, the final two factors favor abstention.  The instant action involves one state common law claim for negligent entrustment.  Thus, state law, not federal, will determine the outcome of the case. Finally, the state court is more than able to adjudicate Burrows' state common law claims and provide an adequate remedy.

Accordingly, after weighing the factors set out in Colorado River and Chase Brexton, the court concludes that exceptional circumstances exist that merit abstention.

It is therefore

**ORDERED** that the parties' joint motion to stay, docket number 36, is denied.  It is further

**ORDERED** that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
March 11, 2019